No. 26,146.

THE STATE OF KANSAS, *Appellee*, v. SIM HUMERICKHOUSE, *Appellant*.

### SYLLABUS BY THE COURT.

NEW TRIAL—*Grounds—Absence of Witnesses*. Error assigned on denial of a new trial on account of the absence of witnesses for defendant considered, and *held:* (*a*) That defendant was wanting in diligence to insure their attendance; (*b*) that defendant failed to show that those absent witnesses could or would have testified to any material matter in issue if a new trial were granted; (*c*) that the motion for a new trial was properly denied.

Appeal from Lyon district court; WILLIAM C. HARRIS, judge. Opinion filed October 13, 1925. Affirmed.

*Owen S. Samuel,* of Emporia, for the appellant.

*C. B. Griffith,* attorney-general, *C. A. Burnett,* assistant attorney-general, *S. S. Spencer,* county attorney, and *Roland Boynton,* of Emporia, for the appellee.

The opinion of the court was delivered by

DAWSON, J.: Defendant was convicted on three counts for violating the prohibitory liquor law. He assigns error in overruling his motion for a new trial, which was based on the fact that two witnesses which defendant averred that he expected to use in his defense did not appear at the trial. One of these was Lewis Hahn, who was not subpœnaed, and there was no proper showing as to what he would have testified to. Defendant's want of diligence to procure Hahn's attendance was obvious, and in any event it is not

Criminal Law, 16 C. J. §§ 2638, 2744; 20 R. C. L. 289.

State v. Humerickhouse.

shown that Hahn .knew anything which would have thrown any light on the guilt or innocence of the defendant. The other witness, Lincoln Lindsay, was subpœnaed for November 18, but defendant's trial was not reached until the following day, and Lindsay did not appear on the latter date, but when the case was called defendant announced that he was ready for trial. The state introduced its evidence and rested. A bench warrant was issued for Lindsay, but defendant made no request for a postponement; he introduced his evidence and rested. His conviction followed. On the motion for a new trial defendant failed to show what Lindsay would have testified to if he had been present at the first trial, and even failed to show any probability that Lindsay would be on hand if a new trial were granted. On this point defendant's testimony, in part, reads:

"Q. Did you have a subpœna issued for Mr. Lindsay? A. Yes. . . .

"Q. Did you see Lindsay here on the day this case was set for trial, on the 18th of November? A. No, sir.

"Q. After the case was tried . . . what effort did you make in the way of trying to find Lindsay? A. I didn't particularly make any effort, only around Madison, to see whether he was there. . . .

"Q. Have you tried to find out whether he has been at home since this case was tried? A. I haven't really paid very much attention to it. . . .

"Q. Have you been able to find out where he is? A. No.

"Q. Do you know where he is now? A. No.

"Q. Have you been able to get hold of him and get an affidavit concerning his testimony? A. No, sir.

CROSS-EXAMINATION.

"Q. When was the last time you saw Lincoln? A. I think about two days before this trial. . . .

"Q. Did you ask him if he had any subpœna served? A. I think I did.

"Q. He said he had not? A. He didn't give me any definite answer. . . .

"Q. Didn't he tell you he would not come up here and testify? . . . A. He said something that made me think he would not come. . . .

"Q. Do you knew whether or not Lindsay would testify to what Mr. Samuel [defendant's attorney] said he would testify to? A. Yes, sir.

"Q. How do you know? A. I am not positive, but I think he would tell the truth to you.

"Q. You don't know what he would tell, do you? A. No."

It needs hardly to be said that the foregoing proves quite satisfactorily that defendant was wanting in diligence to procure the attendance of Lindsay; and it also fails to show that Lindsay, if in attendance, could or would have testified to any material fact in issue in this case.

The judgment is affirmed.